Merrimack,   }
March 4, 1919. }

### WILLIAM E. CALLAHAN v. BOSTON & MAINE RAILROAD.

If the act a servant was performing at the time of his injury was incident to inter-state work, he is within the provisions of the federal employers' liability act, 35 U. S. Stat. 65.

The operator of a helper engine, who has orders to assist an interstate train up a grade and to then return with his engine, may be found to have been engaged in interstate commerce on the return trip, although he might thereafter be assigned to an intrastate train.

CASE, under the federal employers' liability act, to recover for injuries received by the plaintiff on January 21, 1914. Trial by jury and verdict for the plaintiff. At the time of the accident, the defendant was a common carrier by railroad and engaged in commerce between Vermont, New Hampshire and Massachusetts, also in commerce within New Hampshire, and the plaintiff was in its employ as a locomotive engineer. On defendant's road, near Ashland, New Hampshire, there is a point called the Summit, which is the apex of the grades. At the time of the accident, it was necessary to assist heavy trains over the Summit from north to south and from south to north by attaching to them an extra engine called the helper.

The plaintiff was employed by the defendant to operate the helper. On the day of the accident there was occasion to help interstate train No. 604 from Plymouth to the Summit, and the plaintiff was assigned to the task. He was given a copy of the orders for operating No. 604, and in addition thereto, on a separate sheet, an order to return to Plymouth with his locomotive as soon as he left No. 604 at the Summit. He had no further orders. The accident occurred on his return trip.

At the close of the evidence the defendant's motion for a directed verdict upon the ground that the plaintiff was not shown to have

been engaged in interstate commerce at the time of the accident, was denied, subject to exception. Transferred from the April term, 1918, of the superior court by *Branch, J.*

*Martin & Howe (Mr. Howe* orally), for the plaintiff.

*Streeter, Demond, Woodworth & Sulloway (Mr. Jonathan Piper* orally), for the defendant.

PEASLEE, J. The question presented is whether the evidence warranted a finding that the plaintiff, at the time of the accident, was engaged in interstate commerce within the meaning of the federal employers' liability act, as construed by the supreme court of the United States. Counsel do not differ materially as to the test to be applied. If the act the servant was performing at the time of the accident was incident to interstate work, or if it was incident to a whole day's work which was partly interstate and partly intrastate, he is within the provisions of the act.

The defendant claims that when the plaintiff left train No. 604 he had completed his interstate employment; and that as it does not appear what he was to do after returning to Plymouth, there is no evidence to warrant a finding that he was engaged in interstate commerce on that return trip. Reliance is put upon the fact that he had two orders, one to help the freight to the Summit and the other to then return to Plymouth. But this is satisfactorily accounted for by the rule that all engaged in operating a train work under a common order. So long as his engine was attached to train No. 604 he would operate under the orders for moving that train. But when his engine was detached, further and separate orders to direct his movements were necessary. For this reason his orders were in separate parts, one the order common to him and the men on train No. 604 and the other for his own direction after leaving No. 604. These orders were both given to him at the same time and taken together made up the directions under which he left Plymouth. By them he was given a task to perform, and that task was not completed until he returned to Plymouth.

The argument that his return may have been to take up an intrastate task, if of value to the defendant upon the legal questions involved, is not supported by the evidence. There is no evidence to warrant a finding that he was ordered back to Plymouth for any particular work. He had no further orders. As the plaintiff put it in

argument, his orders were to do the required work and come home. Upon this evidence it could well be found that the return trip was an incident to the work done on the trip to the Summit, and that therefore the plaintiff was engaged in interstate commerce at the time of the accident.

*Exception overruled.*

PLUMMER, J., was absent: the others concurred.